IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HOWARD C. HICKEY,
      Plaintiff,

vs.                                Case No.:  3:12cv471/MCR/EMT

WARDEN C. HALLEY, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 13).  Leave to proceed in forma pauperis has been granted (doc. 8).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive actions.  *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that dismissal of this action is warranted.

I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections ("DOC" or "FDOC"), currently housed at Mayo Correctional Institution Annex (doc. 13 at 2).[1]  Plaintiff names four Defendants, all of whom were employed at Century Correctional Institution ("Century C.I.") at the time of the events giving rise to this action:  Warden C. Halley, Captain Gafford, Captain Chance, and Sergeant Jeremy Wells (doc. 13 at 1, 2).  In Plaintiff's original complaint, he alleged that in January or February of 2010, while he was housed at Century C.I., he was housed with Inmate Gerald Stribbling (doc. 1 at 8).  Plaintiff alleged that on one particular day, he and Inmate Stribbling

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system, rather than those Plaintiff assigned.

were "at odds" over their living arrangement, and Stribbling "displayed aggression" toward him (*id.*). Plaintiff alleged he sought assistance from "institution staff" in the form of a cell change or a new cell mate, specifically, his friend Inmate John Moore (*id.*). Plaintiff stated he spoke to Defendant Captain Gafford on May 8, 2010, and advised him of his "volatile situation" with Inmate Stribbling (*id.*). Plaintiff stated Captain Gafford referred him to Defendant Captain Chance (*id.*). Plaintiff stated Captain Chance referred him back to Captain Gafford (*id.*).

Plaintiff alleged Inmate Stribbling continually antagonized with until June 26, 2010 (doc. 1 at 8). On that date, at approximately 12:05 a.m., Stribbling attacked Plaintiff while he was sleeping and caused several injuries, including loss of consciousness, a broken jaw, a lacerated right eyebrow, and several cuts and bruises (*id.*). Plaintiff alleged another inmate heard the attack and notified housing staff (*id.* at 9). Plaintiff stated Defendant Sergeant Wells responded to the cell and restrained Stribbling in handcuffs, extracted him from the cell, and placed him in confinement (*id.*). Plaintiff alleged he was transported to a local hospital, where he received treatment for his injuries, including surgery, and he remained there for two (2) days (*id.*). Plaintiff stated he was returned to Century C.I. on June 29, 2010, and placed in the institutional infirmary (*id.*). On July 3, 2010, he was released from the infirmary and transferred to administrative confinement until July 27, 2010, when he was transferred to Gulf Correctional Institution (*id.* at 9–10).

Plaintiff alleged while he was housed in administrative confinement, Defendant Warden Halley informed him he would be released from administrative confinement back into the general population if he signed a statement stating, "(Hickey) was not in fear and that they (Gulf C.I.) was [sic] 'off the hook'" (*id.* at 10). Plaintiff stated he agreed to sign a statement stating he "was not in fear," but refused to "waive the institution's responsibility" for the attack (*id.*).

Plaintiff stated while he was in administrative confinement, he filed three grievances regarding the institution's indifference to his volatile housing situation (doc. 1 at 10). He stated two of the grievances were informal grievances dated July 15, 2010 and July 17, 2010, and one was a formal grievance dated July 27, 2010 (*id.*). Plaintiff alleged none of the grievances were answered (*id.*). He stated he "hand copied" the grievances and attached them as exhibits to his complaint (*id.* at 10, 59–61).

Plaintiff alleged Defendants Gafford, Chance, and Halley were aware of Inmate Stribbling's propensity for physical violence toward other inmates, because Stribbling had just been released from disciplinary confinement for fighting when he was placed in Plaintiff's cell (doc. 1 at 11). Plaintiff alleged Defendants Gafford, Chance, and Halley were negligent in their duty to protect him by failing to respond to his requests to be separated from Stribbling (*id.*).  Plaintiff alleged he continues to suffer chronic pain, headaches, loss of hearing in his right ear, numbness to his face, loss of clear vision in his right eye, "bad dreams," and post-traumatic stress as a result of the attack (*id.* at 10, 11).  He claimed that Defendants' conduct violated his "right to standing" under the Fourth Amendment, his Eighth Amendment right to be free from cruel and unusual punishment, and his First Amendment right to due process and equal protection (*id.* at 14).  As relief, he requested a declaratory judgment, and compensatory and punitive damages (*id.* at 12, 14).

Upon review of Plaintiff's complaint and attachments, the undersigned determined it was evident from the face of the complaint that Plaintiff's claims were subject to dismissal for failure to exhaust administrative remedies prior to filing suit (doc. 11).  The court advised Plaintiff of the legal standard governing exhaustion and the requirements of the DOC's administrative grievance process, and provided Plaintiff an opportunity to avoid dismissal by clarifying his allegations in an amended complaint (*id.*).

Plaintiff then filed the amended complaint presently before the court (doc. 13).  He names the same four Defendants, and he alleges they were aware of Inmate Stribbling's conduct prior to the attack and failed to protect him (*id.* at 6–7).  He also alleges Defendant Halley is responsible for the conduct of the person or persons who were responsible for handling Plaintiff's grievances (*id.* at 6).  He alleges Captain Gafford, Captain Chance, and Sergeant Wells are aware that Plaintiff is being denied his due process rights to pursue his claims in court and are interfering with those rights (*id.* at 6–7).  Plaintiff reasserts his claims of First, Fourth, and Eighth Amendment violations and additionally claims that Defendants failed to provide him a receipt for his informal grievances, which interfered with his due process right to exhaust his remedies (*id.* at 8).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

III.     ANALYSIS

As Plaintiff was previously advised on the complaint form itself (*see* docs. 1, 13), and in the court's previous order directing him to file an amended complaint (doc. 11), the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has consistently enforced the PLRA's mandatory exhaustion requirement, holding that the requirement applies to all federal claims brought by any inmate. *See* Woodford v. Ngo, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 520, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Courts do not have discretion to waive the exhaustion requirement, even if it can be shown that the grievance process is futile or inadequate. Woodford, 548 U.S. at 85; Alexander v. Hawk, 159 F.3d 1321, 1325–26 (11th Cir. 1998). Nor may courts inquire as to whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Woodford, 548 U.S. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process prior to initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam ); *see also* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). The Supreme Court has made it clear, however, that the "failure to exhaust is an affirmative defense under the PLRA, and . . . [that] inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Nevertheless, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which

relief can be granted. *Id.* at 215–16; *see also* <u>Clark v. Georgia Bd. of Pardons & Paroles</u>, 915 F.2d 636, 640–41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies").

Florida regulations establish a three-step grievance process within state institutions that includes an informal grievance, formal grievance, and appeal to the Office of the Secretary of the Department of Corrections. *See* Fla. Admin. Code rr. 33-103.005 to 103.007 (2003). The regulations provide that within ten (10) calendar days following receipt of an informal grievance by a staff member, a written response shall be provided to the inmate. *Id.*, r. 33-103.011(3)(a) (2008). The regulations further provide that the reviewing authority for a formal grievance shall have up to twenty (20) calendar days from the date of receipt of the grievance to take action and respond. *Id.*, r. 33-103.011(3)(b). Grievance appeals to the Office of the Secretary must be received by that office within fifteen (15) calendar days from the date of the response to the formal grievance, and must be responded to within thirty (30) calendar days from the date of receipt of the grievance. *Id.*, r. 33-103.011(3)(c). Unless the inmate has agreed in writing to an extension, expiration of a time limit at any step in the process entitles the inmate to proceed to the next step of the grievance process. *Id.*, r. 33-103.011(4).

In the instant case, as previously discussed, Plaintiff alleged he filed informal grievances on July 15, 2010 and July 17, 2010, and a formal grievance on July 27, 2010. He alleged he did not receive verification of receipt of the informal grievances by prison officials at Century C.I., and none of the grievances were answered. When advised by the court that proper exhaustion required him to file an appeal with the Secretary's Office, and that expiration of the time limit for officials to respond to his informal and formal grievances authorized him to proceed to the next level of the grievance process, Plaintiff did not allege facts suggesting he had even attempted to complete the administrative remedy process by filing an appeal to the Secretary's Office.[3] Furthermore, his suggestion that Defendants (officials at Century C.I.) interfered with his ability to exhaust is unpersuasive, in light of the fact that Plaintiff was transferred to another institution the day he filed

---

[3] Although an appeal to the Secretary's Office must be accompanied by a copy of the informal and formal grievances and responses, if any, *see* Fla. Admin. Code r. 33-103.007(5), Plaintiff could have advised that he did not receive responses to his grievances and thus proceeded to the next step, pursuant to r. 33-103.011(4).

his formal grievance, and thus could not have been hindered by them in his ability to file an appeal to the Secretary's Office upon his failing to receive a response to the formal grievance within the twenty-day time limit established by DOC rules.    The allegations in Plaintiff's original and amended complaints, taken as true, and the attachments submitted by Plaintiff thus demonstrate he failed to comply with the FDOC's procedural rules governing the administrative grievance process. Therefore, Plaintiff's claims should be dismissed without prejudice to his raising them in a new civil rights action initiated after he has exhausted his administrative remedies.

IV.    CONCLUSION

    Based upon the foregoing, the undersigned concludes this action should be dismissed without prejudice for failure to exhaust administrative remedies, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    Accordingly, it is respectfully **RECOMMENDED**:

    1.    That this action be **DISMISSED without prejudice** for failure to exhaust administrative remedies, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    2.    That the clerk be directed to enter judgment accordingly and close the file.

    At Pensacola, Florida, this 11th day of January 2013.


    /s/ *Elizabeth M. Timothy*
    **ELIZABETH M. TIMOTHY**
    **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

    **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**